[Cite as *Awad v. Lovelace*, 2026-Ohio-2533.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

OSAMA AWAD,                                         :

    Plaintiff-Appellant/            :
    Cross-Appellee,

                        :                No.  115070

    v.

                        :

WENDELL L. LOVELACE, ET AL.,

                        :

    Defendants-Appellees/
    Cross-Appellants.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 2, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-904175

---

### *Appearances:*

Gertsburg Licata Co., LPA, and Victor A. Mezacapa, III,
*for appellant and cross-appellee.*

Susan M. Gray and Anxhela Dalipi, *for appellees and
cross-appellants.*

EMANUELLA D. GROVES, P.J.:

{¶ 1}     Plaintiff-appellant/cross-appellee Osama Awad ("Awad") appeals the
trial court's rulings on his motions for summary judgment.  Awad asserts that the
trial court erred when it (1) found that he did not prove the amount of principal and

interest due for purposes of his foreclosure claim and (2) failed to apply the doctrines of estoppel, laches, and waiver and failed to follow prior court orders. Defendants-appellees/cross-appellants Wendell Lovelace ("Wendell") and his wife, Nadia Lovelace (collectively, "Lovelaces"), also appeal the trial court's bench-trial and summary-judgment rulings. The Lovelaces claim that the trial court erred when it (1) failed to order disgorgement damages following a bench trial and (2) granted summary judgment as to their unjust-enrichment counterclaim after finding that it was barred by the statute of limitations. Upon review, we affirm the trial court's decisions.

## I. Facts and Procedural History

{¶ 2} As an initial matter, we note that our discussion of the facts is limited to those relevant to this appeal and the appealing parties — Awad and the Lovelaces.[1]

{¶ 3} In September 2018, Awad filed a "verified complaint for foreclosure, ejectionment, abatement, damages, declaratory, injunctive, temporary restraining orders, and other equitable relief" with exhibits against the Lovelaces and other interested parties associated with the property located at 6622 St. Clair Avenue, Cleveland, Ohio ("Property"). Awad asserted that he purchased the notes, mortgages, and tax certificates associated with the Property from the former mortgagee and tax-certificate holder in May and October 2007. Awad claimed that Wendell — the Property's titled owner — failed to make mortgage, real-estate-tax,

---

[1] We note that the parties are also involved in another pending lawsuit. In March 2026 the Lovelaces filed a complaint for malicious prosecution and to quiet title against Awad, his attorney, and his attorney's law firm.

or insurance payments and keep the Property in compliance with municipal ordinances. Amongst other forms of relief, Awad sought foreclosure and monetary damages for costs and expenses associated with maintaining the property, prosecuting foreclosure actions, making repairs, removing nuisances, paying off delinquent real-estate taxes and water and sewer charges, and incurring liens.

{¶ 4} The matter was referred to a magistrate, who was "to try the issues of law and fact arising therein and report without unnecessary delay." After filing an unsuccessful motion to dismiss the complaint, the Lovelaces filed an answer with affirmative defenses and counterclaims for breach-of-contract, accounting, conversion, unjust enrichment, trespass, violation of a bankruptcy discharge injunction, and slander of title. The Lovelaces sought monetary and punitive damages, a full and accurate accounting, attorney's fees, expenses, and any other forms of legal and equitable relief.

{¶ 5} Awad filed an answer to the Lovelaces' counterclaims, asserting several affirmative defenses, including preclusion by waiver, estoppel, consent, abandonment, laches, license, release, and the doctrine of unclean hands. Awad also asserted that the Lovelaces' counterclaims for conversion, trespass, and violation of the bankruptcy discharge injunction were barred by the applicable statute of limitations. Awad reserved the right to raise additional defenses that may arise during discovery.

{¶ 6} In April 2021, Awad filed a motion for summary judgment, arguing that no genuine issues of material fact remained as to his claims against the

Lovelaces for foreclosure, personal judgment for expenses and attorney fees, and declaratory judgment. The Lovelaces opposed Awad's motion for summary judgment, countering that Awad had not shown that he was entitled to judgment as a matter of law. Relevant to this appeal, the Lovelaces argued that Awad failed to provide an account history to support his foreclosure claim. Awad filed a reply in support of his motion for summary judgment, reiterating his prior arguments.

{¶ 7} In March 2022, the magistrate issued an extensive decision granting Awad's motion for summary judgment in part. The magistrate found that Awad met his burden of proof as to each element of his foreclosure claim, except for one: the amount of principal and interest due. The magistrate concluded that "[t]here exists a genuine issue of material fact as to the amount of principal and interest due." The magistrate also found that the Lovelaces' counterclaims had to be litigated since neither party submitted dispositive motions addressing those claims.

{¶ 8} The Lovelaces filed objections to the magistrate's decision. Therein, the Lovelaces noted, "[T]he magistrate correctly states that there is a genuine issue of material fact as to the amount of principal and interest due." In response, Awad countered that the Lovelaces' objections were without merit and should be overruled. In his brief, Awad acknowledged the magistrate's "rul[ing] that genuine issues of fact remained regarding the amount of principal and interest due on the mortgage." However, Awad did not challenge that ruling or file his own objections to the magistrate's decision. The trial court adopted the magistrate's decision over the Lovelaces' objections in August 2022.

{¶ 9} The parties then filed competing motions for summary judgment on the Lovelaces' counterclaims. Relevant to this appeal, Awad argued that the Lovelaces' counterclaims were precluded under the doctrines of laches, abandonment, unjust enrichment, and estoppel. With respect to the accounting counterclaim, Awad argued that he was entitled to summary judgment since "all of the elements of laches prevail in this case" and "there can be no better circumstance for laches to apply." In addition to challenging the merits of each counterclaim, Awad asserted that the counterclaims for slander of title, trespass, conversion, and unjust enrichment were also precluded by statutes of limitations. The Lovelaces opposed Awad's motion for summary judgment, arguing that Awad failed to properly assert or establish the affirmative defenses he raised and was not entitled to summary judgment on their counterclaims.

{¶ 10} After reviewing the competing motions, briefs in opposition, and all related filings, exhibits, and evidence, the trial court issued a judgment entry in February 2024. Therein, the trial court concluded that Awad was entitled to judgment as a matter of law on all the Lovelaces' counterclaims, apart from their counterclaim for accounting. The trial court stated:

> [The Lovelaces] set forth counterclaims of breach of contract, accounting, conversion, unjust enrichment, trespass, violation of the discharge injunction, and slander of title. . . . [The Lovelaces] do not meet the elements of the counterclaims with the exception of an accounting. An accounting is necessary to determine if the note and mortgage have been paid off. The counterclaims for slander of title, trespass, and unjust enrichment are also precluded by the statute of limitations.

{¶ 11} A bench trial before the magistrate was scheduled to address the issue of "an accounting regarding the amount of principal and interest due adjusted to account for any rents collected, real estate taxes paid, other allowable advances, attorney fees, etc." After the filing of several pretrial notices, briefs, and motions, the bench trial commenced in April 2024. Following the bench trial, the Lovelaces filed a post-trial brief along with several exhibits. Therein, the Lovelaces asserted that Awad "should be required to disgorge the admitted profit" based on his trial testimony. The parties also filed closing arguments.

{¶ 12} On January 28, 2025, the magistrate issued a decision with detailed findings of fact and conclusions of law. The magistrate analyzed the evidence presented and was "unable to piece together an accurate picture of the amount due." (Cleaned up.) The magistrate concluded that Awad failed to establish the amount of principal and interest due by a preponderance of the evidence, found that Awad was not entitled to a foreclosure decree, and rendered judgment in favor of the Lovelaces and against Awad. The magistrate also addressed the Lovelaces' new claim that Awad should be required to disgorge profits, stating:

> [The Lovelaces] assert for the first time on the post-trial brief a theory of disgorgement of profits. Our review of Ohio law indicates that disgorgement is an available remedy for a claim of breach of fiduciary duty. Typically, it is seen in an action by shareholders against the corporation for disgorgement of profits. . . . [The Lovelaces] have not pled disgorgement in their complaint and the magistrate will not consider it here.

{¶ 13} Awad filed untimely objections to the magistrate's decision on February 13, 2025, a motion for leave to file those objections on February 19, 2025,

and exhibits in support of his objections on February 28, 2025. The Lovelaces filed contested motions to strike Awad's objections and to deny his motion. Ultimately, the trial court denied Awad's motion for leave to file his untimely objections. The Lovelaces did not file any objections of their own. In March 2025, the trial court adopted the magistrate's decision, granted judgment in favor of the Lovelaces and against Awad, and found that Awad was not entitled to a foreclosure decree.

{¶ 14} Awad appealed, raising two assignments of error for this court's review.

**Assignment of Error No. 1**

The trial court erred as a matter of law when it denied [Awad's] motion for summary judgment on the complaint for foreclosure by finding that the amount of the principal and interest due was not proven by [Awad].

**Assignment of Error No. 2**

The trial court erred as a matter of law in denying [Awad's] motion for summary judgment and not applying the doctrines of estoppel, laches, and waiver and in returning possession of the property to [Wendell] when a previous court order prevented [Wendell] from ever taking possession of the property as a result of his default on the mortgage note.

In response, the Lovelaces filed a reply brief and asserted four cross-assignments of error, two of which were subsequently withdrawn. The remaining two renumbered cross-assignments of error are as follows.

**Cross-Assignment of Error No. 1**

The trial court committed revers[i]ble error when it failed to order disgorgement damages after finding Awad failed to provide an accounting.

**Cross-Assignment of Error No. 2**

The trial court committed revers[i]ble error in denying the Lovelace[s'] counterclaim for unjust enrichment on statute-of-limitations grounds where [Awad] had not raised statute of limitations as an affirmative defense by [Civ.R.] 12 motion or in any pleading.

## II. Law and Analysis

### A. Awad's First Assignment of Error and the Lovelaces' First Cross-Assignment of Error

{¶ 15} For ease of analysis, we address Awad's first assignment of error and the Lovelaces' first cross-assignment of error together. In his first assignment of error, Awad claims that the trial court erred in its summary-judgment ruling when it found that the amount of principal and interest due was not proven. In the Lovelaces' first cross-assignment of error, they argue that the trial court erred when it failed to award disgorgement damages following a bench trial. Both assignments of error involve separate magistrate's decisions that were adopted by the trial court. In each instance, the now-challenging party failed to object to the corresponding magistrate's decision.

{¶ 16} Civ.R. 53(D)(3)(b) establishes the requirements for magistrates' decisions and the guidelines for filing objections to those decisions. Civ.R. 53(D)(3)(b)(i) provides that the parties may file written objections to a magistrate's decision within 14 days of the decision's filing. If timely objections are filed by one party, another party may file its own objections within ten days of the first objection's filing. *Id.* An objection to a magistrate's decision must be specific; state all grounds for objection with particularity; and must be supported by a transcript

or affidavit if it involves a factual finding. Civ.R. 53(D)(3)(b)(ii)-(iii). Civ.R. 53(D)(3)(b)(iv) further provides that the parties may waive their right to assign the trial court's adoption of a magistrate's decision as error on appeal. The rule states, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law . . . unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *Id.*

{¶ 17} The Ohio Supreme Court has made clear that

> [i]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. Therefore, reviewing courts must "'proceed with the utmost caution' when applying the plain-error doctrine in civil matters." *Seminole Industries Inc. v. Walthaw,* 2026-Ohio-653, ¶ 13 (8th Dist.), quoting *Goldfuss* at 121. Moreover, this court has held that "[w]here a party fails to object to an error to the court below and then fails to make an argument that plain error occurred on an appeal, we will not consider the issue." *State v. Tate*, 2022-Ohio-4745, ¶ 20 (8th Dist.), citing *State v. Duncan*, 2022-Ohio-3665, ¶ 23 (8th Dist.); *State v. Speights*, 2021-Ohio-1194, ¶ 14 (8th Dist.) (citing relevant caselaw and emphasizing that an appellate court is not obligated to construct or develop unraised plain-error arguments); *Ohio Valley Business*

*Advisors*, 2017-Ohio-1283, ¶ 19 (8th Dist.) (citing relevant caselaw and holding that this court need not consider plain error where a party does not acknowledge its failure to raise an argument before the trial court or invoke the plain-error doctrine on appeal).

{¶ 18} Finally, we note that "when the denial of a motion for summary judgment is based on disputed facts or inferences, the denial of summary judgment is generally deemed moot following a trial on the merits in which the disputed factual question is considered by the trier of fact." *W.A. Smith Fin., LLC v. Doe*, 2026-Ohio-184, ¶ 6 (8th Dist.), citing *Bliss v. Manville*, 2022-Ohio-4366, ¶ 14*; Hurton v. Boyer*, 2020-Ohio-2790, ¶ 29 (11th Dist.) ("If a trial court denies summary judgment due to the existence of a genuine issue of material fact, and the nonmoving party then prevails at trial, any error in denying the motion for summary judgment is moot or harmless.").

{¶ 19} Awad's arguments derive directly from the findings of fact and conclusions of law provided in the March 2022 magistrate's decision, which ruled on his first motion for summary judgment. Awad did not file any objections to the magistrate's decision, despite its finding that the amount of principal and interest due was not proven. Moreover, to the extent that Awad's challenge is based on disputed facts or inferences, the summary-judgment denial is moot since those facts were fully and completely developed later in a bench trial that was held on the accounting issue's merits.

{¶ 20} Similarly, the Lovelaces also failed to file objections to the January 2025 magistrate's decision, which was issued after the bench trial. That decision specifically addressed the Lovelaces' newfound "theory of disgorgement of profits" and advised that the claim would not be considered since the Lovelaces did not plead disgorgement in their complaint. Despite their failures to file objections to the respective magistrate's decisions, neither party argues plain error on appeal. This court will not make plain-error arguments on their behalf.

{¶ 21} Given the foregoing, we find that Awad and the Lovelaces waived the issues raised on appeal. Moreover, we decline to find plain error since the parties did not invoke the doctrine. Accordingly, we overrule Awad's first assignment of error and the Lovelaces' first cross-assignment of error.

## B. Awad's Second Assignment of Error

{¶ 22} Next, we consider Awad's second assignment of error. Therein, Awad claims that the trial court committed reversible error in denying one of his motions for summary judgment since estoppel, laches, waiver, and a previous court order "prevented [the Lovelaces] from ever taking possession the [P]roperty as a result of [Wendell's] default."

{¶ 23} App.R. 16(A)(3) provides that "[t]he appellant shall include in its brief . . . [a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Moreover, App.R. 16(A)(7) requires appellants to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the

reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 24} Relative to these rules, it is well established that appellate courts are not advocates, and appellants bear the burden of constructing the legal arguments necessary to support their assignments of error. *Lewicki v. Grange Ins. Co.*, 2023-Ohio-4544, ¶ 41 (8th Dist.), citing *Taylor-Stephens v. Rite Aid of Ohio*, 2018-Ohio-4714, ¶ 121 (8th Dist.), and *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.). "'If an argument exists that can support [an] assigned error, it is not this court's duty to root it out.'" *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.), quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028, *22 (9th Dist. May 6, 1998). When appellants fail to identify alleged errors in the record or cite legal authority in support of their claims, this court is allowed to disregard assignments of error. App.R. 12(A)(2); App.R. 16(A)(7); *Lewicki* at ¶ 41, citing *Pinkney v. Salett*, 2011-Ohio-4121, ¶ 3 (8th Dist.); *Siemientkowski v. State Farm Ins.*, 2005-Ohio-4295, ¶ 23 (8th Dist.).

{¶ 25} Our review of the record reveals that Awad filed two motions for summary judgment in this case — one contemplating his causes of action and another contemplating the Lovelaces' counterclaims. Both were granted largely in his favor, aside from the accounting issues that proceeded to a bench trial. While Awad argued that laches precluded the Lovelaces' accounting counterclaim in his second motion for summary judgment, he did not discuss the other legal theories included in his assignment of error. After reviewing the record before us and Awad's

appellate briefs, we cannot discern which aspects of the summary-judgment rulings he is challenging on appeal. It is not this court's responsibility to provide clarity.

{¶ 26} Moreover, Awad does not support his second assignment of error with citations to relevant law or developed arguments. Aside from a single block quote discussing the elements of laches, Awad does not cite any authority applying the doctrine to the specific facts of this case. Nor does Awad include any case law or legal analysis regarding estoppel, waiver, or the implications of the prior court orders that he claims preclude the Lovelaces from having any interest in the Property.

{¶ 27} The burden rests with Awad to present assignments of error and establish their validity; yet the subject of Awad's second assignment of error is entirely unclear, and he provides this court with minimal guidance or support for his position. Therefore, we decline to review Awad's claim that the trial court erred in denying his motion for summary judgment and overrule his second assignment of error.

## C. The Lovelaces' Second Cross-Assignment of Error

{¶ 28} Finally, we address the Lovelaces' second cross-assignment of error. Therein, the Lovelaces argue that the trial court erred when it denied their unjust-enrichment counterclaim on statute-of-limitations grounds since Awad did not raise the statute of limitations as an affirmative defense in any pleading. In their reply brief, the Lovelaces claim that "the sole basis for the trial court's decision was the statute of limitations."

{¶ 29} However, the trial court ruled that Awad was entitled to judgment as a matter of law on all but one of the Lovelaces' counterclaims — including their unjust-enrichment counterclaim — based on two grounds: (1) the Lovelaces did "not meet the elements of their counterclaims" and (2) "[t]he counterclaims for slander of title, trespass, and unjust enrichment are *also* precluded by the statute of limitations." (Emphasis added.)

{¶ 30} While the Lovelaces challenge the trial court's additional statute-of-limitations grounds for granting Awad's motion for summary judgment on their unjust-enrichment counterclaim, they do not challenge the trial court's primary conclusion: the Lovelaces failed to prove the counterclaim's essential elements. Indeed, the Lovelaces fail to develop any arguments on appeal that their unjust-enrichment counterclaim should have withstood summary judgment based on its merits. Rather, the Lovelaces summarily conclude — without citations to the record, references to summary-judgment evidence, or analyses of legal authority — that "[t]he elements of unjust enrichment are established here."

{¶ 31} Consequently — even if we assume that their statute-of-limitations argument is meritorious — the Lovelaces have not established that they are entitled to reversal. The trial court independently found that the Lovelaces failed to establish the essential elements of their unjust-enrichment counterclaim; however, they did not assign error to that finding. Therefore, there remains an unchallenged and sufficient basis to affirm the trial court's summary-judgment ruling. "'When a trial court grants judgment on multiple, alternative bases and an appellant does not

challenge one of those bases on appeal, this Court will uphold the judgment on the unchallenged basis.'" *Niederst v. Niederst*, 2024-Ohio-5297, ¶ 25 (9th Dist.), quoting *Schutte v. Summit Cty. Sheriff's Office*, 2018-Ohio-2565, ¶ 21 (9th Dist.). Again, we emphasize that appellate courts are not advocates and address only the errors assigned; appellants are responsible for crafting assignments of error and constructing legal arguments to support them. App.R. 12(A); App.R. 16(A)(7).

{¶ 32} Since the Lovelaces argue only that the trial court erred when it denied their unjust-enrichment counterclaim on statute-of-limitations grounds and fail to challenge the foundation of the trial court's summary-judgment ruling, we are precluded from finding in their favor and reversing the trial court's judgment on appeal. Accordingly, the Lovelaces' second cross-assignment of error is overruled.

{¶ 33} Judgments affirmed.

It is ordered that appellant and appellees share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR